| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**MIDDLE DISTRICT OF LOUISIANA** | Civil Action: |
| **ORIS WILLIAMS and TONYA WILLIAMS** | |
| **VERSUS** | **JUDGE:**<br>**JURY TRIAL REQUESTED** |
| **GENESIS ENERGY, LLC.** | **MAGISRATE:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## TABLE OF CONTENTS

| | Page |
|---|---|
| NATURE OF ACTION | 2 |
| PARTIES | 2 |
| JURISDICTION AND VENUE | 3 |
| FACTUAL ALLEGATIONS | 3 |
| STATEMENT FOR RELIEF | 5 |
| CAUSE OF ACTION | 6 |
| PRAYER FOR RELIEF | 9 |

## COMPLAINT

ORIS WILLIAMS and TONYA WILLIAMS, through the undersigned, for their Complaint herein against Genesis Energy, who alleges as follows:

## NATURE OF ACTION

This action arises under the United States Constitution. Specifically, the action arises under the Americans with Disabilities Act (ADA) 42 U.S.C. §12101 et.seq and Religious Discrimination (Title VII of the Civil Rights Act of 1964), in addition to several state law causes of actions. This action is also brought under 29 C.F.R. 1605.1 and the Louisiana Employment Discrimination Law (R.S. 23:301 *et seq.*). This action also arises under the Louisiana State Constitution, specifically Article X§12 and Articles I§8. Louisiana Revised Statute 23:301 et. seq. This action is also brought under the general tort principles set forth in the Louisiana Civil Code, including without limitation, Articles 2315 and 2320 and common law tort principles adopted by Louisiana courts.

1. Defendant's actionable conduct and omission of corrective action in connection with wrongful termination, disability discrimination and violation of the Civil Rights Act of 1964, and retaliation there from.

## PARTIES

2. The **PLAINTIFF, ORIS WILLIAMS,** is a resident of the UNITED STATES and of BAKER, LOUISIANA and is and was at all times relevant herein a resident of the parish of EAST BATON ROUGE, STATE OF LOUISIANA. All actions committed against the plaintiff were conducted in EAST BATON ROUGE PARISH, LOUISIANA.

3. **TONYA WILLIAMS,** is the spouse of ORIS WILLIAMS and is a resident of the UNITED STATES and of BAKER, LOUISIANA and is and was at all times relevant herein a resident of the parish of EAST BATON ROUGE, STATE OF LOUISIANA. All actions committed against the plaintiff were conducted in EAST BATON ROUGE PARISH, LOUISIANA.

4. The **DEFENDANT, GENESIS ENERGY, LLC** is a Limited Liability Company (Non-Louisiana), with its domicile in WILMINGTON, DELAWARE and its principal business office in HOUSTON, TEXAS.

## JURISIDCTION AND VENUE

5. Jurisdiction of this matter is based upon diversity of citizenship, 28 U.S.C. 1332, (a)(1) and the matter in controversy, exclusive of interest and cost, far exceed the sum of $75,000. Supplemental jurisdiction is conferred upon this court over the state claims pursuant to 28 U.S.C. § 1367(a).

6. Jurisdiction of this matter is also based upon federal question because this action has arisen under the laws of the United States pursuant to 42 U.S.C. §12101 et. seq. and Title VII of the Civil Rights Act.

7. Jurisdiction and venue are proper in that all acts and omissions complained herein occurred in the Parish of East Baton Rouge, State of Louisiana.

8. Named Defendant is justly and truly indebted to petitioners, ORIS WILLIAMS and TONYA WILLIAMS.

## FACTUAL ALLEGATIONS

9. On or about April 21, 2014, ORIS WILLIAMS (hereinafter referred to as "*MR. WILLIAMS*") began employment with Genesis Energy, LLC (hereinafter referred to as "*GENESIS*") as an Operator. MR. WILLIAMS worked for the GENEIS for approximately 5 years and was terminated on or about June 10, 2019.

10. During MR. WILLIAMS' employment he possessed a good work record receiving favorable employment evaluations. MR. WILLIAMS eventually became classified as Lead Operator.

11. During the course of MR. WILLIAMS' employment with GENESIS, he was discriminated against based on disability and religious beliefs. MR. WILLIAMS also was subjected to a retaliatory and hostile work environment.

12. Specifically, with regard to MR. WILLIAMS' disability, sometime between June 10, 2015 and June 15, 2015, while MR. WILLIAMS was on medical leave, GENESIS changed his

employment status to a lower status or demotion of employment. Moreover, upon MR. WILLIAMS returning to work, GENEIS refused to comply with the doctor's limitations with regard to MR.WILLIAMS job duties.

13. MR. WILLIAMS was given increased responsibilities. In particular, MR. WILLIAMS was required to complete his daily tasks and responsibilities in addition to being invariably forced to complete the duties that would require at least three other employees to perform.

14. Such duties non-exhaustively included the clean-up of contaminated materials and hazardous liquids/spills, labeling materials, as well as creating various administrative spreadsheets.

15. All of the aforementioned additional duties further caused MR. WILLIAMS emotional distress because of the hostile work environment.

16. MR. WILLIAMS would undergo statements from his supervisor, such as, "You can do it…You are a superman…You can do handle it."

17. On several occasions, MR. WILLIAMS' work was subjected to sabotage by management and other GENESIS' employees (at the direction of management) in order to make MR. WILLIAMS feel as though he was losing his mind. Specifically, MR. WILLIAMS would discover that specific testing samples in which he was required to analyze would be missing. MR. WILLIAMS would later find these samples in various unconventional locations in the lab.

18. Sometime during MR. WILLIAMS' employment and during a meeting with several employees of GENEIS, MR. WILLIAMS' supervisor, Bruce McGilroy, made a statement to the participants that MR. WILLIAMS was on mood medication and that he was mentally unstable. These statements were made in violation of MR. WILLIAMS' HIPPA rights. Moreover, some of the statement was untrue.

19. MR. WILLIAMS' reputation has been slandered and damaged.

20. On multiple occasions, MR. WILLIAMS was called names such as "Holy Ghost Brother" and "Preacher Man". These names were made in attempt to make mockery of MR. WILLIAMS' religious beliefs.

21. MR. WILLIAMS was also required to adhere to different company policies compared to other employees. Specifically, MR. WILLIAMS was required to punch out for lunch, while other employees were not required to do so.

22. Moreover, MR. WILLIAMS was not allowed to take advantage of other employment privileges like overtime, even though his job duties were substantially increased.

23. Ultimately, MR. WILLIAMS was informed by other employees of GENEIS that he was terminated over the phone because GENESIS management expressed to the employees that it did not want to terminate MR. WILLIAMS in person due to his alleged mental instability. Further, it was expressed that MR. WILLIAMS was terminated by phone to ensure that he would not "blow up the place". These statements were made despite MR. WILLIAMS informing his supervisor that he was not mentally unstable. MR. WILLIAMS believes that these statements were made in attempt to further destroy and ruin his character and reputation. As a result, MR. WILLIAMS had been extremely disturbed by the rumors circulating about him (MR. WILLIAMS) at GENEIS.

24. Mr. Williams was also subjected to racial discrimination while employed at GENESIS. Specifically, Mr. Williams was paid less money for the same job title that similarly situated white employees were paid.

25. The discriminatory, retaliatory, and defamatory treatment by GENESIS has caused MR. WILLIAMS to suffer severe emotional distress and depression.

26. MR. WILLIAMS and his wife TONYA WILLIAMS, as a result of GENESIS illegal actions, have suffered loss of consortium.

**STATEMENT OF RELIEF**

**RELIGIOUS DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**

27. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

28. It is unlawful discrimination in employment for an employer to engage in any of the following practices:

    (1) Intentionally fail or refuse to hire or to discharge any individual, or otherwise to intentionally discriminate against any individual with respect to his compensation, or his terms, conditions, or privileges of employment, because of the individual's race, color, religion, sex, or national origin.

29. Genesis Energy's conduct alleged above constitutes discrimination based on religious and racial discrimination in violation of LEDL and Title VII. Mr. Williams was treated differently than his employees who were similarly situated to him and was called names on the basis of his religious beliefs.

## DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICAN WITH DISABILITIES ACT 42 U.S.C. §12101 ET SEQ

30. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

31. No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

32. Genesis Energy's conduct alleged above constitutes discrimination based on disability discrimination in violation of the ADA. Mr. Williams was treated differently than his employees who were similarly situated and was treated cruelly as well as ridiculed on the basis of ORIS WILLIAMS allegedly having a disability.

## CAUSE OF ACTION

## REPRISAL FOR ENGAGING IN PROTECTED ACTIVITIES
## RETALIATION AGAINST ORIS WILLIAMS
## LOUISIANA WHISTLEBLOWER LAW LA REVISED STATUTE 23:967, ET SEQ.

33. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

34. It is unlawful discrimination in employment for an employer to engage in any of the following practices:

    A. An employer shall not take reprisal against an employee who in good faith, and after advising the employer of the violation of law: (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law; or

    B. Objects to or refuses to participate in an employment act or practice that is in violation of law.

35. ORIS WILLIAMS, in performing his job duties, was retaliated against as a result of him reporting obviously known violations of Genesis Energy's policy to his immediate supervisor. The stated reasons for Genesis Energy's conduct were not the true reasons, but instead were pretext to hide ORIS WILLIAMS' retaliatory animus.

36. Genesis Energy's conduct alleged above constitutes reprisal, in violation of Louisiana Whistleblower Law Revised Statute 23:967, against ORIS WILLIAMS based upon his disclosing various workplace acts that were in violation of state law.

**LOUISIANA EMPLOYMENT DISCRIMINATION LAW (LEDL) LA REVISED STATUTE 23:301, ET SEQ.**

37. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

38. It is unlawful discrimination in employment for an employer to engage in any of the following practices:

    (2) Intentionally fail or refuse to hire or to discharge any individual, or otherwise to intentionally discriminate against any individual with respect to his compensation, or his

terms, conditions, or privileges of employment, because of the individual's race, color, religion, sex, or national origin.

39. Genesis Energy's conduct alleged above constitutes discrimination based on religious discrimination in violation of LEDL and Title VII. Mr. Williams was treated differently than his employees who were similarly situated to him and was called names on the basis of his religious beliefs.

## DEFAMATION BY INNUENDO

40. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein.

41. Genesis Energy is liable for providing false statements to other employees of Genesis Energy which were clearly intended to result in false and defamatory innuendo.

## DEFAMATION PER SE

42. The foregoing paragraphs are re-allege an incorporated by reference as though fully set forth herein.

43. Genesis Energy is also liable for making certain false statements to other Genesis Energy employees while abusing the power it possesses to refuse to address and correct concerns of state law violations with respect to company policies and procedures and participating and inciting other employees to participate in intentional acts that further purport the false statements for the purpose of irreparably maligning Mr. Williams' character and reputation.

44. As a direct and proximate result of the above referenced false and defamatory statements, Mr. Williams' personal reputation has suffered irreparable and incalculable harm.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS LOUISIANA CIVIL CODE ART. 2315 ET SEQ.

45. The foregoing paragraphs are re-alleged and incorporated by reference as though fully set forth herein

46. Genesis Energy's conduct, as set forth above, has been reckless, extreme and outrageous, beyond all possible bounds of human decency, and utterly intolerable in a legal and civilized society and work environment. ORIS WILLIAMS has suffered and continues to suffer severe emotional distress as a result of Genesis Energy's extreme, outrageous and reckless conduct, and Genesis Energy desired to inflict severe and deliberating emotional distress or knew that severe emotional distress would be certain or substantially certain to result from its conduct.

47. Defendant's actions have caused ORIS WILLAIMS to suffer mental and emotional distress, entitling him to compensatory damages pursuant to Title VII of Civil Rights Act and other discriminatory federal and state laws.

### DEMAND FOR PUNITIVE DAMAGES

48. Plaintiff is entitled to an award of punitive damages against Genesis Energy for its knowing, intentional, malicious acts, or in the alternative, for its outrageous and reckless disregard of, and indifference to, the rights of Mr. Williams.

### DEMAND FOR ATTORNEY'S FEES AND COSTS

49. Mr. Williams is entitled to an award of all costs, including reasonable attorney's fees pursuant to all statement of relief and causes of actions stated herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that upon a trial hereof they be granted judgment against all named Defendants as follows:

A. Damages as allowed on each claim for relief and cause of action in an amount equal to their damages sustained, such amount being in excess of the current minimum required for federal court jurisdiction according to proof at the time of trial;

B. Punitive, Compensatory and exemplary damages;

C. All together with any interest, pre- and post-judgment, costs and disbursements; and attorney fees

D. Such other and further relief available under the law and this Court deems just and proper.

**FURTHER**, Plaintiffs pray that the exact nature and extent of Plaintiffs' damages have yet to be calculated, and Plaintiffs will seek leave of Court to amend this complaint to conform to proof at the time of trial.

**FURTHER**, Plaintiff prays that a jury trial is granted in this matter.

/s/ JP Gorham
_____
JP Gorham (Bar # 31746)
JP Gorham Attorney At Law LLC
PO BOX 86928
Baton Rouge, LA 70879
225-341-5939 Office
504-957-3551 Direct